IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02346-LTB

CHARLENE-ANN: VON SCHLESIEN,

    Plaintiff,

v.

STATE OF COLORADO,
JUDGE KAROLYN MOORE,
DISTRICT ATTORNEY STANLEY GARNETT, and
SHERIFF JOSEPH PELLE,

    Defendants.

---

ORDER DENYING REQUEST TO RECONSIDER
AND DIRECTING CLERK TO PROCESS NOTICE OF APPEAL

---

This matter is before the Court on the document (ECF No. 18) filed *pro se* by Plaintiff on March 18, 2016. The Court must construe the document liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is an inmate at the Boulder County Jail in Boulder, Colorado. Plaintiff initiated this action by filing a pleading apparently seeking habeas corpus relief. Plaintiff was ordered to cure certain deficiencies if she wished to pursue her claims and, when she failed to cure the deficiencies, the Court entered an order dismissing the action without prejudice for failure to prosecute and cure the deficiencies. The Court's Order of Dismissal and the Judgment were entered on January 14, 2016. Although not entirely clear, Plaintiff apparently contends in the document (ECF No. 18) filed March 18 that the

Court erred in dismissing this action.  Because Plaintiff references this Court and the United States Court of Appeals for the Tenth Circuit in the caption of the document, the Court construes the document both as a motion to reconsider and as a notice of appeal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).

The Court will consider the motion to reconsider pursuant to Rule 60(b) because the motion was filed more than twenty-eight days after the Judgment was entered on January 14.  Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Relief under Rule 60(b) is not available to revisit arguments already considered or to raise new arguments that could have been raised previously.  *See Van Skiver*, 952 F.2d at 1243.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate the existence of any extraordinary reason that would justify reconsidering and vacating the order dismissing this action.  Plaintiff does not argue that she cured the deficiencies within the time allowed and she fails to identify the existence of any excuse that would justify her failure to cure the deficiencies.  Therefore, the motion to reconsider will be denied.  The clerk of the Court will be directed to process

the document as a notice of appeal.   Accordingly, it is

      ORDERED that the document (ECF No. 18) is DENIED to the extent Plaintiff is asking the Court to reconsider the order dismissing this action.   It is

      FURTHER ORDERED that the clerk of the Court process the document (ECF No. 18) as a notice of appeal.

      DATED at Denver, Colorado, this   22nd   day of   March   , 2016.

                          BY THE COURT:

                          s/Lewis T. Babcock
                          LEWIS T. BABCOCK, Senior Judge
                          United States District Court